[Cite as *In re M.R.*, 2013-Ohio-4460.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: M.R., J.C., and M.R. | : | APPEAL NO. C-130401<br>TRIAL NO. F08-1747X |
| | : | *O P I N I O N.* |

Civil Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  October 9, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ernest W. Lee*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Paul Hunt*, for Appellee Guardian ad Litem,

*Phyliss Schiff*, for Appellant Tiffany C.

**DEWINE, Judge.**

{¶1} This is an appeal by a mother from a decision of the Hamilton County Juvenile Court granting permanent custody of her three children to the Hamilton County Department of Job and Family Services ("HCJFS"). Because we find that the trial court's decision was supported by competent and credible evidence, we affirm the judgment below.

I.

{¶2} Tiffany is the mother of three children, J.C., M.R.1 and M.R.2. Mark is the father of M.R.1 and M.R.2. The father of J.C. is unknown. J.C., now six years old, was adjudicated dependant and placed in the temporary custody of HCJFS just before her second birthday, following separate incidents in which Tiffany overdosed on antidepressant medications in a suicide attempt and was threatened by an unidentified person at gunpoint in her home. Repeated exposure to violence perpetrated on Tiffany by Mark prevented reunification with J.C., and resulted in the removal of M.R.1, age three, when she was two months old. M.R.2, age two, also was removed shortly after her birth, following an altercation between Tiffany and her neighbors, at which time Mark was found in the home in violation of agency requirements.

{¶3} As a result of Tiffany's refusal to take appropriate steps to end the violence involving Mark in the home, HCJFS sought permanent custody of the three children. Shortly before the permanency proceedings began, Tiffany's cousin filed a petition for custody of M.R.1 and M.R.2. Following several days of hearings, the magistrate recommended a grant of permanent custody of J.C. to HCJFS, and a grant of legal custody of M.R.1 and M.R.2 to the cousin. The trial court adopted the

magistrate's decision as to J.C., but rejected the magistrate's decision as to M.R.1 and M.R.2. Instead, the trial court awarded permanent custody of all three children to HCJFS.

{¶4}    Tiffany argues that the trial court erred as a matter of law by granting HCJFS's motion for permanent custody.

## II.

{¶5}    The termination of parental rights is governed by R.C. 2151.414. Before a juvenile court may terminate parental rights, it must apply a two-pronged analysis. First, the court must find that it is in the child's best interest to be placed in the permanent custody of the moving agency. R.C. 2151.414(B)(1) and (D). The second prong of the analysis requires the juvenile court to find one of four conditions listed in R.C. 2151.414(B)(1). Both prongs must be supported by clear and convincing evidence. *Id.* We will not substitute our judgment for that of the trial court where some competent and credible evidence supports the essential elements of the case. *See In re W.W.*, 1st Dist. Hamilton Nos. C-110363 and C-110402, 2011-Ohio-4912, ¶ 46; *see also In re E.S.*, 1st Dist. Hamilton Nos. C-100725 and C-100747, 2011-Ohio-586, ¶ 3.

## A.

{¶6}    ***Best Interests.*** In assessing the best interests of a child, the court must consider "all relevant factors," including (1) the child's interaction with parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child, (2) the wishes of the child, as expressed by the child or the child's guardian ad litem, (3) the custodial history of the child, (4) the child's need for legally secure placement and whether that type of placement can be

achieved without a grant of permanent custody, and (5) whether any of the factors under R.C. 2151.414(E)(7) through (11) apply. R.C. 2151.414(D)(1)(a)-(e).

{¶7} We find no error in the juvenile court's conclusion that granting permanent custody to HCJFS was in the best interests of the children. The court considered many factors, including the relationships M.R.1 and M.R.2 have with caregivers and their custodial history. M.R.1 and M.R.2 each have been in foster care for all but about two months of their lives. And although the record indicates that M.R.1 and M.R.2 interacted positively with Tiffany during visits, the court was justified in weighing the inconsistency of those visits and turmoil in Tiffany's home against the relationship M.R.1 and M.R.2 have with their foster parents and the demonstrated abilities of the foster parents to provide for their needs.

{¶8} As to J.C., she had been in the temporary custody of HCJFS for four years at the time the magistrate's decision was issued. The court reasonably determined that a grant of permanent custody to HCJFS is the only reasonable means of providing J.C. with a legally secure placement, given the length of time J.C. has already spent in HCJFS's custody and the lack of other appropriate caregivers. Thus, there is competent and credible evidence in the record to support the trial court's findings that permanent custody with HCJFS was in the best interests of all three children.

B.

{¶9} ***R.C. 2151.414(B)(1).*** Next, we consider whether competent and credible evidence supports the trial court's findings that one of the provisions in R.C. 2151.414(B)(1) applies. R.C. 2151.414(B)(1) permits a court to grant permanent custody of a child to a children services agency if (a) the child is not abandoned or orphaned and has not been in agency custody for 12 months, but cannot be placed

4

with either parent within a reasonable time or should not be placed with either parent, (b) the child is abandoned, (c) the child is orphaned and no relatives are able to take permanent custody, or (d) the child has been in the temporary custody of one or more children services agencies for 12 months of a consecutive 22-month period.

{¶10}   It is undisputed that J.C. and M.R.1 have been in the temporary custody of HCJFS for 12 months of a consecutive 22-month period, so the condition under 2151.414(B)(1)(d) has been satisfied as to them.

{¶11}   Because HCJFS requested permanent custody as the initial disposition for M.R.2, the analysis concerning her is slightly different.  Under R.C. 2151.353(A)(4), for a court to grant permanent custody of a child to a children services agency without first seeking reunification, the court must find pursuant to R.C. 2151.414(B)(1)(a) that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.  R.C. 2151.353(A)(4) also requires that the court base that finding on at least one factor enumerated under R.C. 2151.414(E).  Here, the record supports a finding under R.C. 2151.414(E)(1) that since the time of removal, the parent has failed continuously and repeatedly to remedy the conditions initially causing the children to be placed outside of the home.  Likewise, a finding under R.C. 2151.414(E)(14) that the parent is unable to protect the children from future physical, emotional, or sexual abuse is supported by the record.

{¶12}   Violence in the home was an underlying cause of the removal of all three children, and altercations between Tiffany and Mark have remained prevalent through the duration of the case.  The impact of these altercations was illustrated by lengthy testimony about J.C.'s treatment for psychological and behavioral conditions stemming from her exposure to violence and sexual abuse allegedly perpetrated by Mark.  Despite Tiffany having obtained a temporary protection order against Mark,

the record indicates that their relationship has not ended, and police continued to respond to reports of violence between them even in the months leading up to trial.

III.

{¶13}   The trial court's findings that granting permanent custody to HCJFS is in the best interests of all three children and that the requirements of R.C. 2151.414(B)(1) have been met are not against the sufficiency and weight of the evidence.   Accordingly, we overrule Tiffany's assignment of error and affirm the trial court's judgment.

**HENDON, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.